9ev. 02/2006

COURTROOM MINUTES OF CRIMINAL PROCEEDINGS
Norfolk/Newport News Division

# SENTENCING MINUTES

| | |
|---|---|
| Set: 10:00 a.m. | Date: January 25, 2012 |
| Started: 10:00 a.m. | Judge: Rebecca Beach Smith |
| Ended: 11:05 a.m. | Court Reporter: Gloria Smith, OCR |
| | Courtroom Deputy: Susan Cherry |
| | Probation Officer: Kimberly Falatic |

Case No. __4:09cr81-7__
Defendant: __Andra G. Green__    ( X ) In custody    ( ) On bond

---

**Set: 10:00 a.m.**            **Present:** Lisa McKeel and Howard Zlotnick
**Started: 10:00 a.m.**                     Robert B. Jones & Melinda Glaubke
**Ended: 10:15 a.m.**                             (both c/a counsel)


__X__  Came on for disposition/Motion to Withdraw Attorney.

__X__  The court addressed the Motion to Withdraw (document #503). Comments of counsel heard. Defendant placed under oath and the court questioned defendant re Motion to Withdraw. The defendant advised that he had no objection to Ms. Glaubke withdrawing from the case. The court grants the Motion to Withdraw and excused Melinda Glaubke from the case. The defendant declined appointment of a 2nd attorney and indicated that he is ready to proceed with sentencing.

__X__  Order, filed in open court.


**Started: 10:15 a.m.**         **Present:** Lisa McKeel and Howard Zlotnick
**Ended: 11:05 a.m.**                      Robert B. Jones, c/a counsel


__X__  Court adjudged deft. guilty of Count(s) __29 and 34__ of the Indictment/Criminal Information.

__X__  Presentence Report reviewed.        ____ Objections heard and rulings made.

____  Evidence presented. (Witnesses and exhibits listed on last page)

__X__  Arguments of counsel heard.    __X__ Statement of deft. heard.

## IMPRISONMENT:

SENTENCE: Counts 29 and 34 : The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of LIFE. This term of imprisonment consists of a term of LIFE on Count 29 and a term of LIFE on Count 34, all to be served concurrently.

__X__   The deft. is remanded to the custody of the U.S. Marshal.

__X__   The Court makes the following recommendations to the Bureau of Prisons:

1) The court directs that the defendant shall participate in a substance abuse treatment program, to include the Residential Drug Abuse Treatment Program (RDAP).
2) The court directs that the defendant shall further his education by obtaining his General Equivalency Diploma (GED) and by developing a skill.
3) The court directs that the defendant shall participate in a mental health counseling and treatment program, to include anger management.

## SUPERVISED RELEASE:

__X__   Upon release from imprisonment, the defendant shall be on supervised release for a term of FIVE (5) YEARS. This term consists of a term of FIVE (5) YEARS on Count 29 and a term of FIVE (5) YEARS on Count 34, all to run concurrently.

## Special Conditions of Supervised Release/Probation:

1) The defendant shall continue to participate in a substance abuse treatment program at the direction and discretion of the probation officer.

2) The defendant shall continue to participate in a mental health treatment and counseling program at the direction and discretion of the probation officer.

3) To the extent the defendant has not done so while incarcerated, he shall further his education by obtaining a General Equivalency Diploma (GED) and by developing a skill.

4) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

5) The defendant shall provide the probation officer access to any requested financial information.

6) To the extent the defendant has any minor children, he shall pay for the support of his minor children in the amount ordered by any social service agency or court of competent jurisdiction. In the absence of any such order, payments are to be made on a schedule to be determined by the court at the inception of supervision, based on defendant's financial circumstances.

7) The court does not deny federal benefits because the denial is not applicable.

## FINANCIAL PENALTIES

__√__ The court waives the cost of prosecution, incarceration, and supervised release, except to the extent the defendant will have to bear costs as outlined in the Special Conditions of Supervision.

### SPECIAL ASSESSMENT:

    __√__ As to count __29__, the deft. shall pay a special assessment in the amount of __$100.00__.

    __√__ As to count __34__ the deft. shall pay a special assessment in the amount of __$100.00__.

The total special assessment due is __$200.00__ and shall be due in full immediately.

### FINE:

__√__ No fines have been imposed in this case.

_____ The deft. shall pay a fine in the amount of $ _____.

### RESTITUTION:

_____ The deft. shall make restitution in the amount of $ _____.

_____ Restitution Judgment Order, entered and filed in open court.

### SCHEDULE OF PAYMENTS:

_____ Interest on the restitution has been waived.

_____ The special assessment/fine/restitution is due and payable immediately. Any balance remaining unpaid on the special assessment/fine/restitution at the inception of supervision, shall be paid by the deft. in installments of not less than $ _____ per month, until paid in full. Said payments shall commence ____ days after deft's supervision begins. The court reserves the option to alter this amount, depending upon defendant's financial circumstances at the time of supervised release.

_____ Restitution shall be made jointly and severally with

____ Nothing in the Court's order shall prohibit the collection of any judgment or fine by the United States.

____ The deft. notified of right of appeal.

√ Court noted that deft. waived right of appeal in plea agreement.

√ On motion of gov't, remaining counts dismissed.

____ The deft. is continued on present bond and cautioned re bail jumping.

____ Consent Order of Forfeiture, executed and filed in open court.

Additional Counts/Comments: