UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

**ANDRA G. GREEN,**

    **Petitioner,**

v.                                    **CIVIL ACTION NO. 4:16cv22**
                                        [ORIGINAL CRIMINAL NO. 4:09cr81-7]

**UNITED STATES OF AMERICA,**

    **Respondent.**

## OPINION

This matter comes before the court on the United States' Motion to Correct the Judgment, ECF No. 752. For the reasons stated below, the court **GRANTS** the Motion to Correct the Judgment. The court **CORRECTS** Petitioner's Judgment, ECF No. 515, by **VACATING** Petitioner's conviction and sentence on Count 29.

### I.

On October 3, 2011, Petitioner pled guilty to Counts 29 and 34 of a thirty-five-count indictment. ECF No. 430 at 1. Both counts charged Petitioner with use of a firearm during a crime of violence resulting in death, in violation of 18 U.S.C. § 924(j).[1] Id. Petitioner's convictions under 18 U.S.C. § 924(j) "involve a

---

[1] Petitioner was also charged and pled guilty under 18 U.S.C. § 2, which provides that an individual who aids and abets a federal offense is punishable as a principal.

complex statutory scheme that includes two layers of predicate offenses." United States v. Gill, 652 F. Supp. 3d 567, 574 (D. Md. 2023). An essential element of Petitioner's § 924(j) convictions was the commission of a § 924(c) violation. Id. (quoting United States v. Roof, 10 F.4th 314, 498 (4th Cir. 2021)). A commission of a § 924(c) violation, in turn, requires the commission of a "crime of violence" in violation of federal law. Id. (quoting United States v. Young, 248 F.3d 260, 275 (4th Cir. 2001)). The statute provides two possible definitions of a "crime of violence," requiring that the crime be a felony and that it either, "(A) has an element the use, attempted use, or threatened use of physical force against the person or property of another," (the elements clause), or "(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," (the residual clause). 18 U.S.C. § 924(c)(3).

Petitioner's § 924(j) convictions on Count 29 and Count 34 resulted from two separate drug-related homicides. The predicate "crimes of violence" underlying Count 29 were charges of conspiracy to commit Hobbs Act robbery and the attempted Hobbs Act robbery of John Henry Green[2] on January 18, 2007. ECF No. 284 at 29. The predicate "crimes of violence" underlying Count 34 were charges of

---

[2] The victim had no relation to Petitioner.

2

conspiracy to commit Hobbs Act robbery and the <u>completed</u> Hobbs Act robbery of Demareo Dontae Hardy on March 20, 2009. <u>Id.</u> at 36-37. On January 25, 2012, after adjudging Petitioner guilty, this court sentenced him to concurrent terms of life imprisonment on each count. ECF No. 515.

On April 11, 2016, Petitioner filed, <u>pro se</u>, a "Motion to Vacate under 28 U.S.C. § 2255." ECF No. 644 ("§ 2255 Motion"). Petitioner's § 2255 Motion challenged the continued validity of the predicate "crimes of violence" underlying his convictions following the Supreme Court's decision in <u>Johnson v. United States</u>, 576 U.S. 591 (2015), which held that the definition of a "violent felony" in the residual clause of 18 U.S.C. § 924(e) was unconstitutionally vague. <u>Id.</u> at 4. On June 7, 2016, this court found that the § 2255 Motion was not timely filed under the Antiterrorism and Effective Death Penalty Act (AEDPA) statute of limitations as codified in § 2255(f), and accordingly, dismissed the Motion. ECF No. 653. Although the <u>Johnson</u> decision newly recognized a right applicable to cases on collateral review that could extend the filing deadline under 28 U.S.C. § 2255(f)(3), the court found that <u>Johnson</u> did not apply to Petitioner's case because his convictions were based on "crimes of violence" under 18 U.S.C. § 924(c) and not "violent felonies" under § 924(e). <u>Id.</u> at 2-3.

On August 29, 2016, Petitioner filed a Notice of Appeal. ECF No. 660. The Fourth Circuit placed Petitioner's appeal in abeyance

pending decisions of the Supreme Court and the Fourth Circuit that could affect his case. See Order, Green v. United States, No. 16-7168 (4th Cir. Feb. 3, 2017), ECF No. 7. Following the Supreme Court's decision in United States v. Davis, 588 U.S. 445 (2019), which held that the definition of "crime of violence" contained in the residual clause of 18 U.S.C. § 924(c) is unconstitutionally vague, the Fourth Circuit granted Petitioner a certificate of appealability on two questions: (1) whether Petitioner's § 2255 Motion filed within a year of Johnson, but effectively premised on the holding of Davis, was timely; and (2) if so, whether Petitioner's convictions were infirm following Davis. Order, Green v. United States, No. 16-7168 (4th Cir. Aug. 29, 2022), ECF No. 70.

The Fourth Circuit issued an opinion in Petitioner's case on May 16, 2023. United States v. Green, 67 F.4th 657 (2023). The Fourth Circuit found that Petitioner's § 2255 Motion was timely filed under § 2255(f)(3) because it was filed "within one year of Johnson, and Davis extended Johnson's reasoning to recognize the right asserted in the motion." Id. at 665. In addressing the merits of Petitioner's claim, the Fourth Circuit found that Petitioner's conviction on Count 29 was now infirm because the predicate crimes of conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery could not be valid predicates under § 924(c)'s residual clause following Davis, and that they were not

4

"crimes of violence" under the elements clause. Id. at 662 (citing United States v. Simms, 914 F.3d 229 (4th Cir. 2019) and United States v. Taylor, 596 U.S. 845 (2022)). However, the Fourth Circuit reaffirmed that completed Hobbs Act robbery still qualifies as a crime of violence under elements clause, and therefore, that Petitioner's conviction on Count 34 remained valid because it was based on the completed robbery of Demareo Dontae Hardy. Id. at 668 ("Contrary to Green's arguments, Fourth Circuit precedent establishes both that Hobbs Act robbery satisfies the elements clause and that the elements clause passes constitutional muster."). The Fourth Circuit thus affirmed the court's dismissal as to Count 34, but reversed and vacated the dismissal as to Count 29 "with instructions to vacate the conviction and sentence on that Count." Id. at 671.

On May 18, 2023, the United States filed a Motion to Correct the Judgment, requesting that the court correct Petitioner's judgment pursuant to the Fourth Circuit's remand without conducting a resentencing hearing. ECF No. 752. Petitioner did not respond to this motion. The Fourth Circuit's mandate issued on July 10, 2023. ECF No. 758. Later that day, Petitioner's second Motion to Vacate under 28 U.S.C. § 2255, ECF No. 759 ("Second Habeas Petition"), and an associated Motion for a Writ of Habeas Corpus Ad Subjiciendum, ECF No. 760 ("Motion for Writ"), were filed in this court. Petitioner then filed on July 25, 2023,

5

a petition for a writ of certiorari to challenge the Fourth Circuit's decision. See ECF No. 763. On August 16, 2023, the court issued an order dismissing Petitioner's Second Habeas Petition and the Motion for Writ as successive habeas petitions but holding its response to the Fourth Circuit mandate in abeyance until the resolution of Petitioner's certiorari petition. ECF No. 767 at 4. The Supreme Court denied the certiorari petition on October 2, 2023, see ECF No. 773, and this matter is now ripe for judicial determination.[3]

**II.**

"[T]he end result of a successful § 2255 proceeding must be the vacatur of the prisoner's unlawful sentence (and perhaps one or more of his convictions) and one of the following: (1) the prisoner's release, (2) the grant of a future new trial to the prisoner, (3) or a new sentence, be it imposed by (a) a resentencing or (b) a corrected sentence." United States v. Hadden, 475 F.3d 652, 661 (4th Cir. 2007) (internal footnotes omitted). The language of 28 U.S.C. § 22555(b) "'confers a broad

---

[3] On August 28, 2023, Petitioner appealed the court's order denying the Second Habeas Motion and Motion for Writ. ECF No. 770. This appeal remains pending. See United States v. Green, No. 23-6844 (4th Cir. 2023). As the outstanding appeal challenges the denial of Petitioner's Second Habeas Petition, and all appellate matters regarding the original § 2255 Motion have been resolved, there is no reason to further delay compliance with the Fourth Circuit's mandate to vacate Petitioner's conviction and sentence on Count 29.

and flexible power to the district courts to fashion the appropriate remedy' for an unlawful conviction." United States v. Chaney, 911 F.3d 222 (4th Cir. 2018) (internal quotation marks omitted) (quoting United States v. Hillary, 106 F.3d 1170, 1171 (4th Cir. 1997)). The United States requests that the court use its discretion to simply correct Petitioner's judgment without conducting a resentencing hearing by vacating his conviction and sentence on Count 29, while leaving his conviction and sentence on Count 34 intact. See ECF No. 752 at 3.

The court agrees that correcting Petitioner's sentence is the appropriate remedy and that a full resentencing hearing is not warranted. This course of action is within the court's discretion and supported by Fourth Circuit precedent. First, the Fourth Circuit has affirmed that, in certain cases, "[t]he text of § 2255 clearly affords the district courts the authority to 'correct' a prisoner's unlawful sentence without conducting a formal 'resentenc[ing]' hearing." See Hadden, 475 F.3d 652 (alteration in original) (quoting 28 U.S.C. § 2255(b)). This is consistent with the approach adopted by several other circuits that district courts have broad discretion to choose an appropriate remedy. See, e.g., United States v. Thomason, 940 F.3d 1166, 1172 (11th Cir. 2019) ("A district court need not conduct a full resentencing when correcting the error does not change the guideline range and the district court does not make the sentence more onerous."); Troiano

7

v. United States, 918 F.3d 1082, 1086-87 (9th Cir. 2019) (finding that district court did not abuse its discretion in choosing to correct petitioner's sentence rather than resentence him); United States v. Palmer, 854 F.3d 39, 48 (D.C. Cir. 2017) (holding that a resentencing hearing was not required where "the district court did no more than mechanically vacate the unlawful convictions (and accompanying sentences)"). However, a district court's discretion to choose a remedy may be limited where the error undermines the sentence as a whole such that the district court must revisit the entire sentence, or if the court is called upon to exercise significant discretion, such as where the vacated sentence carried a statutory minimum penalty. See Thomason, 940 F.3d 1172-73; United States v. Augustin, 16 F.4th 227, 232 (6th Cir. 2021).

Neither of these circumstances are present here. Vacatur of Petitioner's conviction and sentence on Count 29 does not undermine his sentence on Count 34 or make his sentence harsher. Petitioner received concurrent life sentences on each count, so removal of the Count 29 life sentence has no effect on the Count 34 life sentence. Notably, vacatur of Count 29 conviction does not affect the sentencing guideline recommendation of life on Count 34. The United States Sentencing Guidelines recommended life sentences for both of Petitioner's convictions and there was no statutory minimum that confined the court's determination of an appropriate sentence at the Petitioner's original sentencing. Vacatur of Count 29 does

8

not require the court to reconsider the sentencing factors or otherwise exercise discretion in reaffirming the remaining, valid conviction and sentence on Count 34. Accordingly, the court finds that its decision to correct Petitioner's sentence without conducting a resentencing hearing is within the discretion conferred by 28 U.S.C. § 2255(b). See Hadden, 475 F.3d at 669.

The court acknowledges that Hadden referred to the district court's broad and flexible power to determine the nature and scope of remedial proceedings "in the first instance." Hadden, 475 F.3d at 669. Indeed, Hadden has been interpreted to suggest that the district court's discretion to choose a remedy may be constrained where, as here, the district court determines the remedy on remand from the appellate court rather than in the first instance. See United States v. Faulls, 2023 WL 3260551, at *12 (W.D. Va. May 4, 2023); Davis v. United States, 2016 WL 6471457, at *7 (E.D. Va. Oct. 31, 2016). Under this reasoning, where the appellate court vacates one conviction and sentence of a multicount judgment, the sentencing package theory may apply on remand and thus, a full resentencing may be necessary. See Faulls, 2023 WL 3260551, at *12; see also Chaney, 911 F.3d at 226 (emphasis added) ("[T]he 'sentence-package theory,' ... we have recognized, provides that in appropriate circumstances resentencing on all counts is a proper remedy under § 2255 for a single unlawful conviction."). This vacatur is not an appropriate circumstance, as it provides no

benefit to Petitioner under the legal and factual circumstances of this case.

In other words, to the extent that Hadden limits the discretion of district courts to choose a remedy upon remand, the court does not read it to limit the court's discretion here, as the sentencing package theory does not apply to Petitioner's sentences. The court did not craft a disposition in which his sentences formed interdependent parts of an overall plan. See United States v. Ventura, 864 F.3d 301, 309 (4th Cir. 2017) (citing United States v. Townsend, 178 F.3d 558, 567 (D.C. Cir. 1999)). Instead, Petitioner's sentences were imposed for two separate homicides that were committed on two different days, one of which was preceded by an attempted robbery and one of which was preceded by a completed robbery. The court imposed discrete life sentences that provided an independent punishment for each crime and neither sentence had any effect on the calculation of the other.[4] Accordingly, no resentencing hearing is necessary to determine the effect of the vacatur of Count 29 on Petitioner's remaining sentence on Count 34.

---

[4] See ECF No. 734 at 34-35 (Sentencing Transcript) ("The court would be of the opinion under all of [the 18 U.S.C. § 3553(a)] factors that a sentence of life on each of the counts of conviction -- on Count 29 the court would impose life, and on Count 34 the court would impose life, and they do run concurrent. They are two concurrent life sentences.").

10

Moreover, the court's discretion to choose a remedy is particularly appropriate in the procedural posture of this case, where the vacatur of the offending conviction and sentence was precipitated by an intervening change in the law after the court's denial of the § 2255 Motion. Had Petitioner filed the § 2255 Motion after Davis, rather than before, the court clearly could have corrected the judgment to vacate Count 29 without conducting a resentencing hearing. It would make little sense if the court could not achieve the same outcome because Petitioner filed his § 2255 Motion before the Supreme Court recognized the right he asserted while his case was on collateral review.

Importantly, two additional factors weigh in favor of the court's decision to correct the sentence without conducting a resentencing hearing. First, the Fourth Circuit's opinion only directed the court to "vacate Green's conviction and sentence" on Count 29. Green, 67 F.4th at 671. The Fourth Circuit did not direct the court to reconsider his conviction and sentence on Count 34, or to conduct a full resentencing, as it has done in other cases. See, e.g., United States v. Canada, 2024 WL 2807182, at *1 (4th Cir. June 3, 2024) ("We thus vacate the district court's judgment and remand for resentencing."). Second, while not dispositive, the court notes that Petitioner has not requested a resentencing hearing. Absent any argument for a resentencing hearing, or a compelling reason to suggest such a hearing is

necessary for some reason not addressed herein, the court will grant Petitioner the relief to which he is entitled by correcting his Judgment.

### III. CONCLUSION

Accordingly, the court **GRANTS** the United States' Motion to Correct the Judgment, ECF No. 752, and **VACATES** Petitioner's conviction and sentence on Count 29. The Judgment of January 25, 2012, ECF No. 515, on the conviction and sentence on Count 34, shall remain in full force and effect. For the reasons stated herein, the court declines to grant a certificate of appealability.

The Clerk is **DIRECTED** to send a copy of this Opinion to Petitioner, to the United States Attorney at Newport News, and to the Bureau of Prisons.

**IT IS SO ORDERED.**

/s/ Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

June 11, 2024